Timothy O'GRADY, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant–Appellee.

No. 03–55257.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 2004.[*]

Decided Nov. 15, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Timothy O'Grady appeals the district court's summary judgment affirming the decision of the Social Security Commissioner terminating his Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

First, O'Grady contends that there was no objective medical evidence that his Hodgkin's disease was in remission. We review O'Grady's argument de novo under the substantial evidence rule. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1190, 1193 (9th Cir.2004) (holding that the Commissioner's denial of benefits must be affirmed when the administrative law judge's ("ALJ") findings are supported by substantial evidence in the record and are based on correct legal standards). Because substantial medical evidence supported the ALJ's finding, which was based on the correct legal standard, we affirm his conclusion that O'Grady's Hodgkin's lymphoma was in remission. *See Drouin v. Sullivan,* 966 F.2d 1255, 1258 (9th Cir. 1992) (concluding that the district court did not err in affirming denial of SSI benefits because substantial medical evidence supported a finding that the claimant was not disabled).

■ Second, O'Grady contends that the ALJ breached his duty to develop the record regarding O'Grady's Hodgkin's lymphoma and depression. Because substantial evidence supported a finding that his Hodgkin's lymphoma was in remission, and that his depression was not "severe" within the meaning of 42 U.S.C. § 423(d)(1)(A) and (2), the ALJ did not owe any duty to develop the record further. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001) (holding that ALJs have a duty fully and fairly to develop the record only when the evidence is ambiguous or "the record is inadequate" to allow for proper evaluation of the evidence).

■ Third, O'Grady contends that the ALJ improperly denied his request to cross-examine a doctor, whom O'Grady alleges fabricated the results of O'Grady's range-of-motion tests. A request to subpoena a witness for the purpose of cross-examination at an administrative hearing must be made in writing at least five days before the hearing. 20 C.F.R. § 416.1450(d)(2). Although O'Grady had made an oral request to cross-examine the doctor, nothing in the record shows that O'Grady ever made a written request. Furthermore, the doctor was not a crucial witness because his medical report merely corroborated other medical evidence in the record. Therefore, cross-examination of the doctor was not required for a "full and true disclosure of the facts." *See* 5 U.S.C. § 556(d) (stating that a claimant in a disability hearing is entitled to "such cross-examination as may be required for a full and true disclosure of the facts").

■ Fourth, O'Grady contends that the ALJ erroneously relied on his personal observations and assessment of O'Grady's medical condition. Given O'Grady's inconsistent statements regarding the severity and effects of his pain, and his failure to seek medical treatment for a significant period of time, the ALJ's credibility finding was supported by substantial evidence in the record. *See Thomas v. Barnhart,* 278 F.3d 947, 958–60 (9th Cir.2002) (holding that in evaluating subjective testimony, the ALJ may employ "ordinary techniques of credibility evaluation" such as inconsistencies within the claimant's testimony). *See also Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989) (holding that unexplained failure to seek medical treatment is a sufficiently specific reason for rejecting the claimant's subjective complaints concerning the severity of his pain).

■ Finally, O'Grady contends that the ALJ displayed impermissible bias and therefore violated his due process right to a full and fair hearing. Because O'Grady raises this issue for the first time on appeal, it is waived. *See Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997) (declining to consider the claimant's argument that the ALJ improperly discredited his pain testimony because it was raised for the first time on appeal).

Accordingly, the judgment of the district court is AFFIRMED.