Randy L. BROOKS, Plaintiff— Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security of the United States of America, Defendant—Appellee.

No. 03–15639.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2004.

Decided Nov. 30, 2004.

Eugenie Denise Mitchell, Esq., Brewer & Mitchell, LLP, Sacramento, CA, for Plaintiff–Appellant.

Mark A. Win, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM *

Petitioner Randy L. Brooks ("Brooks"), formerly a horse breaker from Corning, California, appeals the district court's order denying his application for disability insurance benefits pursuant to Title II and Title XVI of the Social Security Act, 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The district court affirmed the decision of the administrative law judge ("ALJ") denying petitioner's application for disability benefits.

■ We review a district court's order affirming the Social Security Commissioner's denial of benefits *de novo. See Lewis v. Apfel,* 236 F.3d 503, 509 (9th Cir.2001). This court will affirm the Commissioner's determination that a petitioner is not disabled if the findings of fact are supported by "substantial evidence" and the Commissioner applied the proper legal standards. *See Curry v. Sullivan,* 925 F.2d 1127, 1129 (9th Cir.1991). We affirm for the reasons given by the district court.

■ First, petitioner argues that substantial evidence does not support the ALJ's determination that petitioner does not suffer from a "severe impairment" as a result of the "combined effect" of multiple conditions under 20 C.F.R. § 404.1520(a)(4)(ii). However, petitioner did not raise this argument before the district court and it is therefore waived. *See Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997) (appellate court need only address issue raised by petitioner before the district court).

Second, petitioner argues that the ALJ failed properly to weigh the evidence given by petitioner's treating and examining physicians. Again, petitioner did not raise this argument before the district court; it is therefore waived. *Id.*

■ Third, the ALJ correctly found that petitioner's impairments did not meet or equal Listed Impairment Category 1.05(C). *See* 20 C.F.R. § 404.1520(a)(4). Here, the ALJ concluded that petitioner did not meet Listed Impairment Category 1.05 because the objective evidence demonstrated that: (1) x-rays taken of petitioner's lumbrosacral spine were negative; (2) a CT scan taken of petitioner's sacroiliac joints showed only mild bilateral narrowing with some mild sclerosis; and (3) a bone scan taken of the petitioner's entire body was negative. On the basis of this evidence, the ALJ concluded that petitioner had not met the "threshold test for a vertebrogenic disorder" pursuant to Listed Impairment Category 1.05C and therefore did not have the "impairment or combination of impairments that meets or equals the severity of an impairment in the Listing of Impairments." We agree.

■ Fourth, the ALJ's decision to discredit petitioner's statements as to the nature and extent of his pain, anxiety and depression was supported by substantial evidence.

■ Fifth, the ALJ correctly found that the Commissioner demonstrated the existence of jobs in the national economy which petitioner could perform. On the basis of the vocational expert's testimony that a hypothetical individual of petitioner's age, education, ability and impair-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ments could perform the "light exertional" jobs of automobile self-service attendant and gate guard the ALJ concluded that petitioner could perform work in the national economy. This evidence was sufficient to support the ALJ's decision.

In sum, the ALJ's determination that petitioner was not "disabled" within the meaning of the Social Security Act was supported by substantial evidence. Accordingly, we AFFIRM the decision of the district court.