Freddie Mae LOCKHART,
Plaintiff—Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.

No. 03–56717.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2005.*

Decided Sept. 16, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Bertram L. Potter, Esq., Potter, Cohen & Samulon, Pasadena, CA, for Plaintiff–Appellant.

Sarah Ryan, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,** Senior Judge.

MEMORANDUM ***

Freddie Mae Lockhart appeals the district court's decision affirming the Commissioner's denial of her application for Social Security disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's order affirming the denial of benefits de novo and affirm if the Commissioner applied the correct legal standards and substantial evidence supports the decision. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir.2003). Because the Commissioner's finding that Lockhart can perform her past relevant work is supported by substantial evidence in the record, we affirm.

Lockhart argues that the ALJ improperly rejected her pain testimony. Having concluded that Lockhart suffered from severe impairments that could reasonably be expected to produce pain, the ALJ could not discount her claims of pain, solely on a lack of objective medical evidence, without finding evidence of malingering or expressing clear and convincing reasons for rejecting the subjective complaints of pain. *Id.* at 1040. The record establishes that the ALJ applied the proper factors set forth in 20 C.F.R. § 404.1529, did not reject the complaint of pain solely due to a lack of objective medical evidence, and provided several clear and convincing reasons, supported by substantial evidence, to justify his credibility determination. Therefore, the ALJ did not improperly reject Lockhart's testimony regarding the impact of her disabilities on her ability to work.

Lockhart argues that the ALJ failed to fully and fairly develop evidence of her depression and failed to obtain medical expert testimony regarding the impact of her combined impairments. The ALJ has a "duty to fully and fairly develop the record" if the evidence in the record is ambiguous or is "inadequate to allow for a proper evaluation." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.2001). Even though the record contained two medical and one mental residual functional capacity assessments, the ALJ kept the record open after the hearing and referred Lockhart for two more assessments, one mental and one physical. Consistent with the medical records and prior mental health assessment, the new mental health assessment concluded that Lockart's depression did not significantly limit her ability to perform daily activities or work. The physical assessment was also consistent with the medical records and two prior residual functional capacity assessments. The record was not ambiguous or inadequate.

Finally, Lockhart argues that the ALJ's hypothetical posed to the vocational

** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

expert failed to include the impact of her pain and depression on her ability to work. A vocational expert's testimony is reliable if the hypothetical includes all of the physical and mental limitations supported by the record. *Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir.2002). Because the ALJ rejected the pain testimony by giving clear and convincing reasons supported by substantial evidence in the record, he was not required to include the alleged pain in the hypothetical to the vocational expert. *Id.* at 959–60. In addition, both mental residual functional capacity assessments concluded that the depression did not limit Lockhart's ability to function or work. The hypothetical questions included the limitations supported by the record.[1]

AFFIRMED.

---

1. To the extent that Lockhart asserts that she received incompetent representation at her hearing, she waived the claim by raising it for the first time on appeal. *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997); *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992).

