after its initial private plat dedication theory failed.

### III

In the end, the bankruptcy court properly held that the presumption created by the Resort's holding of record title was sufficient to quiet title to the road. The district court correctly affirmed this holding.

**AFFIRMED.**

**Kathryn L. ROCHIN, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 04–17024.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Nov. 2, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Henry F. Reynolds, Santa Monica, CA, for Plaintiff–Appellant.

Nancy M. Lisewski, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

** The Honorable Sandra Day O'Connor, Associate Justice of the Supreme Court of the United States (retired), sitting by designation.

Before: O'CONNOR, Associate Justice, Retired **, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM ***

Kathryn L. Rochin appeals the district court's affirmance of an administrative decision by the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. We reverse and remand. Because the parties are familiar with the factual and procedural histories of this case, we will not recount them here.

We review a district court order affirming an agency decision to deny social security benefits *de novo*. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.2002). The agency's final decision denying benefits must be upheld if it is supported by substantial evidence and is based on the application of correct legal standards. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997).

I

The decision of the administrative law judge ("ALJ") to discredit Ms. Rochin's testimony regarding her irritable bowel syndrome ("IBS") is not supported by substantial evidence. In order to reject the claimant's complaints, an ALJ must provide "specific, cogent reason[s] for the disbelief." *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990). "Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

they are unsupported by objective evidence." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995). "Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be 'clear and convincing.' " *Id.* (citations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* While the court should not penalize a claimant for attempting to lead a normal life in the face of their limitations, if the level of activity in their normal life is inconsistent with their claimed limitations, that can have a bearing on the claimant's credibility. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998).

Here, the ALJ asserts that Ms. Rochin's testimony is internally contradictory, refuted by medical evidence, refuted by the fact that she previously maintained a job during the time of her alleged disability, and refuted by her failure to seek treatment. None of these reasons stand up to scrutiny. The ALJ does not point specifically to what medical evidence or other testimony contradicted Ms. Rochin's testimony. The ALJ may not rely on Ms. Rochin's earlier job, because her ability to hold this job prior to October 1996 cannot provide clear and convincing evidence that she has been able to perform the same work since October 1, 2000. *Id.* Lastly, the ALJ erred in inferring that Rochin's symptoms were under control from her purported failure to continue with treatment, because her last visit to Dr. Olson took place just one month before the hearing.

■ If the ALJ has other reasons for disbelieving Ms. Rochin, this Court's precedent requires him to state them with specificity. Accordingly, we conclude that the ALJ's rejection of her testimony is not supported by substantial evidence. Because the vocational limitations considered by the ALJ were based on this erroneous assumption, we must also conclude that the ALJ's conclusions as to her vocational capacity are not supported by substantial evidence, and we must reverse the district court's decision affirming the agency determination.

## II

■ In reconsidering this case on remand, the ALJ should also revisit the question of mental impairment. The Commissioner has promulgated rules requiring ALJs to employ a special technique in evaluating claims of mental impairment. *See* 20 C.F.R. §§ 404.1520a, 416.920a. In addition, ALJs are to seek additional evidence or ask the claimant to undergo further consultative examinations if there is consistent evidence of an impairment but the evidence is not sufficient for the ALJ to determine whether the claimant is disabled. *See* 20 C.F.R. §§ 404.1519a(b), 416.927(c)(3).

Here, Ms. Rochin has presented evidence consistent with some form of mental impairment. In addition to being prescribed medication for "depression" and "depression and anxiety," Ms. Rochin has been diagnosed as "depressed" by at least one other physician and a third physician indicated on her report for the ALJ that a psychological evaluation was recommended. Indeed, the ALJ found that Ms. Rochin's depression was a medically determinable impairment but failed to employ the technique for evaluating mental impairment promulgated by the Commissioner. On remand, the ALJ should undertake this analysis, and, if necessary, order Ms. Rochin to undergo a consultative psychological examination.

Given our resolution of these questions, we need not—and do not—reach any other issue urged on appeal.

**REVERSED AND REMANDED.**