108 F.3d 978
 52 Soc.Sec.Rep.Ser. 827, Unempl.Ins.Rep. (CCH) P 15688B,
97 Cal. Daily Op. Serv. 1874,
97 Daily Journal D.A.R. 3493
Joseph SANDGATHE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-35757.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 20, 1995.*
Memorandum Jan. 8, 1996.
Order and Opinion March 13, 1997.
 
 Ralph Wilborn, Ralph Wilborn and Etta L. Wilborn, Eugene, OR, for plaintiff-appellant.
 Richard H. Wetmore, Assistant Regional Counsel, Department of Health and Human Services, Seattle, WA, for defendant-appellee.
 Appeal from the United States District Court for the District of Oregon, James A. Redden, District Judge, Presiding. D.C. No. CV-93-01228-JAR.
 Before: WALLACE, D. W. NELSON, and BRUNETTI, Circuit Judges.
 ORDER
 The Memorandum disposition filed January 8, 1996, is redesignated as a per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Joseph Sandgathe appeals from a district court judgment affirming a final decision of the Commissioner of the Social Security Administration (Commissioner), which denied him disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-406. The district court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 We review the judgment of the district court de novo. Ramirez v. Shalala, 8 F.3d 1449, 1451 (9th Cir.1993). The district court properly affirms the Commissioner's decision denying benefits if it is supported by substantial evidence and based on the application of correct legal standards. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. "To determine whether substantial evidence supports the ALJ's decision, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." Id. "[W]here the evidence is susceptible to more than one rational interpretation," we must uphold the Commissioner's decision. Id. at 1039-40.
 
 
 3
 The administrative law judge (ALJ) concluded that Sandgathe is not disabled because he can perform certain light and sedentary work existing in the national economy. Sandgathe argues that the ALJ (1) improperly discredited Sandgathe's arguments that he suffered chronic pain; (2) improperly rejected the medical opinion of a treating physician in favor of a medical consultant's opinion; and (3) applied improper legal standards in concluding that Sandgathe is not disabled. Sandgathe failed to raise the first argument before the district court. We therefore address only the second and third arguments here. Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 4
 Sandgathe argues that the ALJ should have adopted the testimony of Dr. Hayes, a treating physician, to determine Sandgathe's mental residual functioning capacity. Dr. Hayes testified that Sandgathe was "markedly limited" in his ability to maintain attention and concentration for extended periods, complete a normal work day or week, and cooperate with supervisors. Dr. Moser, a medical consultant called to testify by the Commissioner, largely agreed with Dr. Hayes, but she rated Sandgathe's abilities as only "moderately limited."
 
 
 5
 Although "more weight is given to a treating physician's opinion than to the opinion of a nontreating physician," the ALJ may reject controverted testimony of a treating physician if he has specific and legitimate reasons supported by substantial evidence. Andrews, 53 F.3d at 1040-41 (citing Magallanes v. Bowen, 881 F.2d 747, 751, 755 (9th Cir.1989)). "Reports of consultative physicians called in by the [Commissioner] may serve as substantial evidence." Id.
 
 
 6
 Dr. Moser testified that "certain of [Sandgathe's] limitations identified in Dr. Hayes' report were attributable to unspecified physical problems." Dr. Hayes' report rested on Sandgathe's self-reporting of the extent of his physical ailments. Inasmuch as the ALJ found that Sandgathe's self-reports were exaggerated, the ALJ determined that Dr. Hayes' report was unreliable as well. Thus, the ALJ concluded that Dr. Moser's testimony was more reliable. This conclusion is supported by the record, which indicates that Sandgathe's psychological problems may have been volitional or affected by his physical impairments. Thus, the ALJ's reliance on Dr. Moser's testimony was based on substantial evidence.
 
 
 7
 Sandgathe also argues that Social Security Ruling (SSR) 85-15 provides the proper legal standard for determining whether he is disabled, and that under SSR 85-15 he is entitled to benefits based on his alleged mental limitations. SSR 85-15 states that benefits may be awarded where a claimant suffers from a "substantial loss" of the abilities "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15 at 94 (Cum.Ed.1985). SSR 85-15, however, "provides guidance only for cases in which the claimant asserts 'solely nonexertional impairments.' " Roberts v. Shalala, 66 F.3d 179, 183 (9th Cir.1995) (quoting SSR 85-15 at 92), cert. denied, --- U.S. ----, 116 S.Ct. 1356, 134 L.Ed.2d 524 (1996). Sandgathe asserts that his impairments limit, among other things, his abilities to sit and lift, which are exertional limitations. See SSR 83-10 at 178 (Cum.Ed.1983) (defining exertional activity to include sitting and lifting). SSR 85-15 therefore does not apply.
 
 
 8
 All other arguments of Sandgathe are rejected.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4