Curtis STROMME, Plaintiff—
Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of the Social Security Administration, Defendant—Appellee.

No. 00–36101.

D.C. No. CV–00–06022–BR.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2002.**

Decided Nov. 4, 2002.

Before BROWNING, FISHER, and TALLMAN, Circuit Judges.

MEMORANDUM ***

Curtis Stromme appeals the district court's order upholding the Commissioner of Social Security's decision that Stromme was not disabled within the meaning of the Social Security Act. The parties are familiar with the facts and the procedural history, therefore they are not recited here. Because substantial evidence supports the Commissioner's decision and the decision comports with the relevant law, we AFFIRM.

We reject Stromme's argument that the ALJ erred in disregarding the opinions of Drs. Strgar and Truhn, both of whom diagnosed Stromme with severe limitations. The ALJ identified a conflict between the opinion of Dr. Reaves and those given by Drs. Strgar and Truhn, and then correctly concluded that Dr. Reaves's opinion was entitled to the greatest weight. The ALJ credited Dr. Reaves's opinions because he treated Stromme before Stromme applied for benefits, met with Stromme several times over an eighteen-month period, and had a treating-physician relationship with Stromme that provided him with a unique longitudinal perspective. The ALJ's decision to credit the opinion of Dr. Reaves over those of Drs. Strgar and Truhn was clearly articulated, supported by substantial evidence, and without legal error. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995).

---

* Jo Anne B. Barnhart is substituted for her predecessor, Kenneth Apfel, as Commissioner of the Social Security Administration.

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

We also reject Stromme's claim that the ALJ impermissibly "cherry-picked" from the offered testimony. While the Commissioner must make particularized findings to support the administrative decision and allow for meaningful judicial review, the Commissioner need not discuss all evidence presented. *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.1984). The ALJ's failure to specifically address each opinion was not legal error because, in light of the entire record, those omitted opinions were not particularly probative.

We likewise reject Stromme's argument that the ALJ committed legal error by posing a hypothetical question to the vocational expert that did not include all of the limitations and restrictions identified by Drs. Strgar and Truhn. When posing a hypothetical question to a vocational expert, the ALJ " 'must set out *all* the limitations and restrictions of the particular claimant.' " *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988)). It is proper, however, for the ALJ to limit a hypothetical to only those restrictions that are supported by substantial evidence in the record. *See id.* at 756–57. Because the ALJ found that the opinions offered by Drs. Strgar and Truhn were not supported by substantial evidence in the record, it was not improper for him to pose a hypothetical omitting those opinions.

Stromme's other arguments are rejected because they are either not supported by the record or because they were not brought before the district court. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997).

AFFIRMED.