**John M. JIMERSON, Plaintiff— Appellant,**

**v.**

Jo Anne B. BARNHART,* Commission-
er of the Social Security Adminis-
tration, Defendant—Appellee.

No. 01–16866.

D.C. No. CV–01–00264–CRB.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2002.**

Decided Nov. 12, 2002.

Before HAWKINS, GRABER, and
TALLMAN, Circuit Judges.

MEMORANDUM***

John M. Jimerson appeals the district
court's summary judgment for the Com-

* Jo Anne B. Barnhart is substituted for her
  predecessor as Commissioner of the Social
  Security Administration.   Fed. R.App. P.
  43(c)(2).

** This disposition is not appropriate for publi-
   cation and may not be cited to or by courts of
   this circuit except as may be provided by
   Ninth Circuit Rule 36–3.

*** This panel unanimously finds this case suit-

missioner in Jimerson's action seeking review of the denial of his application for disability insurance benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order upholding the Commissioner's denial of benefits, and we review for substantial evidence and legal error the Commissioner's decision. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (per curiam). We reverse and remand.

■ There is an objective medical basis for Jimerson's pain testimony, and the administrative law judge's (ALJ's) reasons for discrediting the extent of Jimerson's pain are not "clear and convincing." *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995).

- The ALJ relied first on Jimerson's rating of his shoulder pain at 7 (on a scale of 1 to 10) without medication and at 5 with Vicodin and reasoned that this level of pain was not sufficient to support the claimed extent of interference with the ability to work. However, such "ranking ... is of only marginal assistance to a decisionmaker whose own subjective one-to-ten scale may differ significantly." *Fair v. Bowen*, 885 F.2d 597, 601–02 (9th Cir.1989).
- The ALJ also cited Jimerson's daily activities, which included personal grooming, reading, watching television, doing laundry infrequently, cooking very little, helping with grocery shopping once a week, riding in a car (once for three days), and driving occasionally. Although a claimant's level of activity is a proper factor to consider, Jimerson's activities were so limited as not to be incompatible with his particular claims of excessive pain. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996).
- The ALJ noted that Jimerson traveled to look for work in mid–1998. On this record it is not possible to say, however, that this effort was extensive enough to be inconsistent with Jimerson's claims of excessive pain.
- The ALJ faulted Jimerson for his "failure to thoroughly report his daily activities when he testified," specifically, his "use of a computer on a regular basis." No evidence in the record supports a finding that Jimerson used a computer on a regular basis. The only relevant evidence is that Jimerson met his girlfriend on the Internet; there is no evidence of the duration or frequency of his computer use.
- Lastly, the ALJ impugned Jimerson for failing to seek regular medical treatment for pain. However, the unrebutted evidence was that he had not obtained regular treatment because he lacked insurance and lacked the funds to obtain treatment until he learned of SMSP coverage.[1]

Additionally, the ALJ discounted the testimony of Jimerson's girlfriend without providing any reasons. That was error. *See Smolen*, 80 F.3d at 1288–89. Indeed, the ALJ acknowledged that the witness,

---

able for decision without oral argument. Fed. R.App. P. 34(a)(2).

1. The Commissioner additionally argues that objective medical evidence was lacking and that Jimerson's complaints were inconsistent with medical evidence. The ALJ found, however, based on the medical evidence, that "[t]here are medically documented disorders that could reasonably be expected to produce the symptoms alleged." The disorders included a left hemi-colectomy for gastrointestinal bleeding due to diverticulosis (nonsevere); a history of a myocardial infarction (nonsevere); and osteoarthritis and various degenerative and other changes in both shoulders, which in combination are "severe."

"to some extent, corroborated" Jimerson's testimony about the severity of his symptoms.

Finally, the hypothetical presented to the vocational expert to determine Jimerson's residual functional capacity was flawed because it did not include disabling pain or its effects on sleep and concentration. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 (9th Cir.1997). Because the ALJ's denial of benefits is based on a vocational expert's opinion derived from an incomplete hypothetical, the denial of benefits is not supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.2002).

There are no unresolved issues in the record, and it is clear that the ALJ would be required to award benefits if Jimerson's excess pain testimony were credited. The ALJ already found that Jimerson was not presently engaged in a substantial gainful activity, that his shoulder disability is severe, that his medically documented disorders reasonably could be expected to produce the symptoms alleged, and that Jimerson is not able to perform past work; the only question in dispute is residual functional capacity, which in turn depends on the extent of Jimerson's pain. Therefore, remand for further proceedings is unnecessary. *Reddick v. Chater*, 157 F.3d 715, 728–30 (9th Cir.1998). We reverse the judgment of the district court and remand with instructions to remand to the ALJ for an award of benefits.

REVERSED and REMANDED for award of benefits.