Judith R. HARRIS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 04–55375.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Decided March 16, 2006.

212

Thomas G. Roche, Esq., Attorney at Law, San Diego, CA, for Plaintiff–Appellant.

John C. Cusker, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HUG, WARDLAW, Circuit Judges, and SUKO,* District Judge.

MEMORANDUM **

Judith Harris appeals the district court's order affirming the denial by the Commissioner of Social Security (the "Commissioner") of her application for Social Security Disability Insurance Benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's decision upholding the Commissioner's denial of benefits and must uphold the

---

* The Honorable Lonny R. Suko, United States District Judge for the Eastern District of Washington, sitting by designation.

denial of benefits if the Commissioner's denial is supported by substantial evidence and free of legal error. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We affirm.

**1. Residual Functional Capacity Determination**

■ Harris asserts that the administrative law judge ("ALJ") failed to consider all relevant evidence when determining her residual functional capacity ("RFC"). Specifically, Harris argues the ALJ did not properly consider the findings of rehabilitation counselor Sonja Houghton–Dugan who summarized Harris' participation in a work-reentry program conducted by Sharp Rehabilitation Center.

A claimant's RFC assessment is a determination of "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). RFC is assessed "based on all of the relevant evidence" *id.,* which may include "medical and other evidence." *Id.* It is the ALJ's duty to resolve conflicts and ambiguities in the medical and non-medical evidence. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989). As the fact finder, the ALJ has the right to reject evidence entirely, though he must give some indication of the evidence he rejects and the reasons for discounting such evidence. When the evidence is susceptible to more than one rational interpretation, and one is provided, the ALJ's conclusion must be upheld. *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997).

In arriving at the residual functional capacity of Harris, the ALJ gave persuasive weight to the opinions of Dr. Betty Grant–Anderson, Dr. Bruce Lasker, Dr. Jamshid Tamiry, and the state agency physicians. While the ALJ specifically considered the work evaluation reports of Houghton–Dugan, he accorded her opinion less weight, noting first that Ms. Hough-

ton–Dugan was not a physician, that her opinion was contradicted by the findings and conclusions of those physicians he credited, that Houghton–Dugan's conclusions were based predominantly upon the subjective complaints of the claimant, rather than objective findings, and that Houghton–Dugan's conclusions were based upon observations of Harris shortly after her stroke and a remote period of time. Moreover, Houghton–Dugan had evaluated Harris's capacity to perform work as a mail clerk, while the ALJ found Harris capable of her past relevant work as an office clerk.

■ Pursuant to 20 C.F.R. § 404.1513(d), Houghton–Dugan is considered an "other source[ ]" and the ALJ can accord her opinion "less weight than opinions from acceptable medical sources." *Gomez v. Chater,* 74 F.3d 967, 970–71 (9th Cir.1996). The ALJ may discount the testimony of an "other source" by providing reasons that are germane to that witness. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993).

While it is true that the Sharp Rehabilitation evaluations were conducted at a time in which Harris is claiming disability, under all of the circumstances and in the face of persuasive contrary medical evidence, the ALJ had discretion to accord Houghton–Dugan's opinion less weight. *Gomez,* 74 F.3d at 970–71. In doing so, the ALJ committed no legal error. The ALJ's decision explains how the evidence leads to his conclusion and reflects that he reasonably resolved the evidentiary conflict.

Although the ALJ reasonably could have given the work evaluation reports more weight and could have decided Harris's RFC differently, the existence of a legally supportable alternative resolution does not provide a sufficient basis for reversing an

ALJ's decision that is supported by substantial evidence. *Sprague v. Bowen,* 812 F.2d 1226, 1229 (9th Cir.1987) (holding that the ALJ's decision to deny disability benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error).

### 2. Credibility Determination

■ Harris argues that because the ALJ did not specifically identify which testimony was not credible, he erred by failing to provide clear and convincing reasons for discrediting Harris's allegations of limitation and subjective complaints. We disagree.

The ALJ is not required to accept every symptom of which a claimant complains as rising to the level of a functional limitation. *See Magallanes v. Bowen,* 881 F.2d at 756–57 (ALJ is free to accept or reject claimant's proposed restrictions as long as the decision is supported by substantial evidence). For the ALJ to reject the claimant's complaints, he must provide "specific, cogent reasons" for his disbelief. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir.1998). Unless there is evidence of malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (as amended) (internal quotation marks omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (*citing Dodrill,* 12 F.3d at 918 (9th Cir.1993); *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir.1988)). " 'Where ... the ALJ has made specific findings justifying a decision to disbelieve an allegation ... and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.' " *Morgan v. Comm'r of Soc.*

*Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (alterations in original) (*quoting Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

While noting Harris had experienced some restrictions during the relevant time period, the ALJ did not find her allegations credible to the extent alleged. We conclude thus that the ALJ provided clear and convincing reasons, supported by substantial evidence, to justify this credibility determination. The ALJ legitimately identified and considered the discrepancies between Harris's alleged limitations and the objective medical evidence. *See Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996). He noted that her stroke residual deficits were described as only mild in nature; that none of her doctors, nor Dr. Betty Grant–Anderson, had precluded the performance of light work for a continuous period of twelve months; that her course of treatment had reflected a conservative approach; and that no where in the record were debilitating side effects from her medications suggested. Finally, the ALJ noted her self-reported daily activities were inconsistent with the degree of limitation alleged.

Notably, Harris does not challenge the evidence relied upon by the ALJ in support of his findings. Rather, Harris challenges the manner in which the ALJ made the findings, contending the ALJ committed legal error by failing to show how this evidence discredits her claims. Although the ALJ did not describe each asserted limitation in detail, we find the ALJ did not err in discrediting her testimony in the manner he did. Based upon the ALJ's credibility discussion, we are able to infer which portions of Harris's testimony he did not credit and find the determination supported by substantial evidence. *See Magallanes v. Bowen,* 881 F.2d at 755. We are assured by the ALJ's explicit find-

ings that the ALJ considered the plaintiff's testimony and did not arbitrarily dismiss her complaints, which is the purpose of the clear and convincing requirement. *See Bunnell v. Sullivan,* 947 F.2d 341, 345–46 (9th Cir.1991)(en banc) ("A reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of the claimant's allegations"). The ALJ's specific findings make this case readily distinguishable from *Varney,* 846 F.2d at 584, one of this circuit's leading authorities on this issue. In *Varney,* the credibility determination consisted solely of one sentence noting that the claimant's testimony was exaggerated over what was corroborated by the medical evidence. 846 F.2d at 584. Unlike the sparse finding made in *Varney,* the ALJ in this case has pointed to specific facts which demonstrate that Harris has fewer limitations than she claims.

Where the ALJ has made specific findings justifying a decision to disbelieve the claimant's allegations of disabling limitations, and those findings are supported by substantial evidence in the record, we will not disturb that decision. *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989). Based on the clear and convincing reasons for rejecting Harris's testimony regarding the extent of her limitations and the substantial evidence to support his determination, we conclude that the ALJ properly evaluated the testimony.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.