Felipe **GUILLEN**, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant–Appellee.

No. 05–15269.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed May 18, 2007.

---

** The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Harvey P. Sackett, Esq., San Jose, CA, for Plaintiff–Appellant.

Jean M. Turk, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, Chief Circuit Judge, NOONAN and GOULD, Circuit Judges.

## MEMORANDUM *

Felipe Guillen appeals the district court's affirmance of a final decision by the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act ("SSA").[1] We review a district court's order affirming the Commissioner's final decision de novo. *Morgan v. Commissioner of SSA*, 169 F.3d 595, 599 (9th Cir.1999). The Commissioner's decision must be affirmed unless the Administrative Law Judge's ("ALJ") findings are "based on legal error or are not supported by substantial evidence in the record as a whole."

*Schneider v. Commissioner of SSA*, 223 F.3d 968, 973 (9th Cir.2000). "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan*, 169 F.3d at 599.

■ Guillen argues that the ALJ's determination that he is not disabled, as defined by the SSA, is not supported by substantial evidence. The ALJ concluded that Guillen would need to use the restroom three to five times during an eight-hour work shift. Based on a hypothetical that used three to five restroom breaks for Guillen at work, the vocational expert ("VE") testified that Guillen could perform 15% of the medium, unskilled jobs, 2% of the light, unskilled jobs, and none of the sedentary unskilled jobs, which translated into an availability of a total of 28,030 jobs in the national market.

■ There was some evidence that Guillen may have required more restroom breaks than three to five in an eight hour shift. These reports, however, were based on Guillen's subjective complaints. A claimant's self-reported symptoms "alone are not enough to establish that" a claimant is disabled. 20 CFR § 404.1528. And even as Guillen's IBS worsened over time, as recently as February 1, 2002, Guillen's treating physician, Dr. Canale, believed Guillen could work if "allowed to go to the bathroom any time he needs to."

■ Moreover, the ALJ found Guillen's statements with regard to his ability to work were not entirely credible. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995) ("Credibility determinations are the province of the ALJ."). The ALJ in substance concluded that Guillen, though

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

701 deleted

subject to IBS, had exaggerated his expressed symptoms. Perhaps most importantly, because Guillen was able to perform substantial gainful activities of daily living, such as grocery shopping, doing laundry and light housework, and attending religious services, despite his frequent need to use the bathroom, the ALJ determined that Guillen's self-reported claims of disabling pain and work-related limitations were not supported by medical evidence.

■ After the ALJ discredited Guillen's self-reported "accounts of his symptoms and limitations," the ALJ could give less weight to any medical opinions that Guillen was disabled based on those self-reported complaints. *Id.* (stating that "an opinion of disability premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted").

■ We have previously affirmed an ALJ's finding that a claimant was not disabled in *Sandgathe v. Chater,* 108 F.3d 978 (9th Cir.1997), where the ALJ found that the claimant self-reported physical problems were exaggerated. *Id.* at 980. We held that the ALJ's reliance on a testifying physician's opinion over the claimant's treating physician was based on substantial evidence because the claimant's "self-reports were exaggerated" thus making the treating physician's report likewise unreliable. *Id.*

■ Like *Sandgathe,* here, Guillen's treating physician's reports and opinions are based in part on Guillen's self-reported physical ailments, which the ALJ found "not entirely credible." We hold that the ALJ's conclusion that there existed a significant number of jobs in the regional economy that Guillen could perform is supported by substantial evidence. Although Guillen can raise an argument that the

"evidence is susceptible to more than one rational interpretation," *Morgan,* 169 F.3d at 599, that is not sufficient for relief. *See id.* We conclude that the negative credibility determination should be sustained because the evidence before the ALJ, including the evidence of Guillen's activities, is susceptible to more than one rational interpretation, and can support a rational determination by the ALJ that he was not totally credible in his descriptions of his symptoms.

Guillen next contends that the ALJ committed legal error by giving the state agency's non-examining physician's opinion outcome determinative weight. One of Guillen's treating examining doctors concluded that Guillen was disabled because of his irritable bowel syndrome ("IBS"). The ALJ rejected, and was entitled to reject, this ultimate conclusion provided it had specific reasons supported by substantial evidence in the record. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995).

Not one of Guillen's treating or examining doctors concluded that Guillen was unable to work. Indeed, all of Guillen's treating physicians concluded that if Guillen was allowed to "go to the bathroom any time he needs to," or if he could "have access to bathroom facilities five to eight times during the day," then Guillen "could do work" and could "undertake most any job." Even if the ALJ relied on the non-examining physician's opinion, the ALJ did not err by finding that Guillen was not disabled by his IBS.

■ Finally, Guillen argues that the ALJ erred because the hypothetical questions he posed to the VE did not accurately reflect Guillen's limitations. "Hypothetical questions posed to the vocational expert must set out *all* the limitations and restrictions of the particular claimant...." *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir.1988) (emphasis in the origi-

nal). But the ALJ is not required to include limitations in the hypothetical questions that he did not include in his residual functional capacity ("RFC") determination. *See Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir.2001).

Because the ALJ's RFC determination was supported by substantial evidence, and the RFC did not contain a finding regarding Guillen's mental impairments, the ALJ was not required to include these considerations in the questions posed to the VE. Guillen's argument that the ALJ asked inaccurate hypothetical questions fails.

**AFFIRMED.**

NOONAN, Circuit Judge, dissenting:

*Andrews* held that "[w]here ... a non-treating source's opinion contradicts that of the treating physician but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician, the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir.1995). No such specific reasons were given.

The testimony of the treating physician, Dr. Canale, supported Guillen's case: Guillen could find gainful employment if he could get to a bathroom "any time he needs to." In sharp contrast, the ALJ assumed that Guillen would have to use a bathroom no more than five times in an eight-hour shift. The relevance to the case of Guillen's routine activities is not evident. These activities are not gainful. They do not require unbroken attention. They do not resemble work at a job.

I would reverse and remand.