**Milan SHUBERT, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner, Social Security Administration, Defendant–Appellee.**

No. 05–35790.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Sept. 26, 2007.

\* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Karen Stolzberg, Portland, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., USPO—Office of the U.S. Attorney, Mark O. Hatfield U.S. Courthouse, Lucille G. Meis, Esq., Portland, OR, [USA] Carol A. Hoch, Esq., SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

### MEMORANDUM ***

Claimant Milan Shubert appeals the district court's order affirming the administrative law judge's ("ALJ") denial of disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401. The ALJ found that Claimant was not disabled as of his date last insured, December 31, 1999. We affirm.

On appeal, Claimant asserts six errors. Because two of the asserted errors were not raised before the district court, we address only the four that Claimant preserved. *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997) (per curiam).

■ 1. An ALJ must provide clear and convincing reasons to reject a claimant's testimony where (as here) there is no ma-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lingering. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1996). The ALJ discounted aspects of Claimant's testimony regarding the severity of his symptoms before his date last insured because: (a) Claimant was able to maintain employment up to eight days before his date last insured, despite his symptoms; (b) Claimant's last job ended for reasons other than his medical conditions; (c) medical records indicated that Claimant's symptoms had only a limited effect on his functioning; (d) there was no evidence of an intensification in Claimant's symptoms between the date last worked and the date last insured; (e) on the claimed date of disability, medical records reflect a reported improvement in Claimant's symptoms; and (f) Claimant sought employment after the claimed date of disability and his date last insured. Those reasons are supported by substantial evidence, and they provide clear and convincing support for the ALJ's finding that Claimant's testimony was only partially credible.

■ 2. To discount a lay witness' testimony, an ALJ need only provide reasons that are relevant to that witness. *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir.1993). In discounting the testimony of Claimant's wife, the ALJ considered the same factors he considered in discounting Claimant's testimony. The ALJ partially discounted the testimony of Claimant's wife on the basis of contrary medical evidence. *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001). The ALJ did not proffer additional reasons. But the fact that the same medical evidence was used to discredit Claimant's testimony does not make it any less germane to discounting the testimony of Claimant's wife.

■ 3. An ALJ must give controlling weight to a treating physician's opinion only when it is not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). Because Dr. Kiel's opinion is contradicted by Dr. Crossen's testimony, the ALJ permissibly decided not to give Dr. Kiel's opinion controlling weight. In addition, there was conflicting evidence from a number of other sources.

■ 4. Dr. Starbird's report is irrelevant to the issue whether Claimant was disabled before the date last insured. Dr. Starbird interviewed Claimant on September 6, 2001, nearly two years after Claimant's date last insured, and assigned a functionality rating as of that interview date. Moreover, Dr. Starbird reviewed medical records only from 2000 and 2001. The fact that Dr. Starbird failed to even consider medical records from the period before December 31, 1999, is fatal to Claimant's contention that Dr. Starbird's report must bear on Claimant's functional limitations.

**AFFIRMED.**