**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARINA M. STRIPED-WOLF, | No. 14-35092 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00572-JTR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
John Tyler Rodgers, Magistrate Judge, Presiding

Submitted November 3, 2014[**]

Before:    LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

Sarina Striped-Wolf appeals the district court's summary judgment

affirming the Commissioner of Social Security's decision denying her application

for supplemental security income under Title XVI of the Social Security Act.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Striped-Wolf contends that the administrative law judge ("ALJ") erred in rejecting portions of the opinions of Robert Quackenbush, Ph.D., and Joyce Everhart, Ph.D., and giving little weight to the opinion of Frank Rosekrans, Ph.D., in determining Striped-Wolf's residual functional capacity ("RFC"). She also contends that the RFC determination rests on an incomplete hypothetical question to the vocational expert that did not include all of Striped-Wolf's limitations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Andrews v. Shalala*, 53 F.3d 1035, 1039 n.1 (9th Cir. 1995). We may set aside the denial of benefits only if it is not supported by substantial evidence or contains legal error. 42 U.S.C. § 405(g); *Andrews,* 53 F.3d at 1039.

Striped-Wolf contends that the ALJ did not properly evaluate the opinions of Drs. Quackenbush, Everhart, and Rosekrans in determining her RFC.[1] This contention is unpersuasive. The ALJ properly evaluated these opinions after setting out a detailed and thorough summary of the facts and conflicting evidence, stating her interpretation, and making findings, *Embrey v. Bowen*, 849 F.2d 418,

---

[1]We decline to address Striped-Wolf's contention that the psychological examination by John Arnold, Ph.D. supports the other medical evidence of mental limitations because this contention was raised for the first time on appeal in the reply brief. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam) (explaining that contentions not raised in the district court are waived).

421 (9th Cir. 1988), and after evaluating these opinions in light of Striped-Wolf's noted tendency to exaggerate, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (permitting ALJ to reject opinion based on properly discounted self-reports).

Striped-Wolf contends that the RFC determination relies on an incomplete hypothetical to the vocational expert that did not include all of the limitations set forth in the testimony of non-examining clinical psychologist Kent B. Layton, Psy.D. The ALJ was not required to consider a hypothetical that was not supported by the record. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). Here, Dr. Layton never testified that Striped-Wolf was unable to accept instructions or criticism from a supervisor and still attend to the task. Accordingly, the ALJ was not required to incorporate such a limitation into the RFC determination.

**AFFIRMED.**