**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELLY L. YOUNG,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant - Appellee.

No. 13-35904

D.C. No. 2:12-cv-01294-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted July 9, 2015
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,[**] District
Judge.

  Kelly L. Young appeals the district court's judgment affirming the denial of

her application for social security disability benefits. We affirm.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Jack Zouhary, District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

1. The Administrative Law Judge's ("ALJ") characterization of Young's daily activities was supported by substantial evidence. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Young's own testimony and medical records support the ALJ's finding that she could "attend to self-care, drive a car, go grocery shopping, organize her household, use a computer, and manage her finances." To the extent that Young challenges the ALJ's rejection of her testimony regarding her level of impairments, Young has waived this claim by not raising it in the district court. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam).

2. The ALJ gave clear and convincing reasons for discounting Dr. Havellana's and Dr. Barto's medical opinions. The ALJ gave little weight to Dr. Havellana's opinion because it was contradicted by objective scores on psychological tests that she administered. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that a "discrepancy" between a doctor's observations and conclusion "is a clear and convincing reason for not relying on the doctor's opinion"). The ALJ concluded that Dr. Barto appeared unfamiliar with the definition of "disability" within the Social Security Act, and this conclusion is confirmed by Dr. Barto's statement that she expected Young's disability to persist for only six months. *See* 42 U.S.C. § 1382c(a)(3)(A) (defining a "disability" as

being "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period *of not less than twelve months*" (emphasis added)).

The ALJ gave "germane reasons," *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), for discounting Nurse Practitioner Draper's medical opinion—namely, that Draper's own notes reflected that Young was able to partially control her anxiety using medications.

Finally, the ALJ did not err in giving "significant weight" to the narrative portion of Dr. Kraft's Mental Residual Functional Capacity Assessment Form. *See* Program Operations Manual System DI 25020.010, B.1 ("It is the narrative written by the psychiatrist or psychologist in section III . . . of [the form] that adjudicators are to use as the assessment of [residual functional capacity]." (emphases omitted)).

3. The ALJ did not improperly manipulate the hearing process. Prior to excusing the first expert, the ALJ gave Young's attorney an opportunity to question the expert further, but he declined to do so. Young cites no authority supporting her position that an ALJ is not permitted to call a second vocational expert where, based on her experience, the ALJ observes that the first expert's

testimony contradicts the Dictionary of Occupational Titles.  The record does not support Young's claim that the reason given for dismissing the first expert was pretextual.  Further, Young failed to show that the second expert's opinion that jobs exist that Young could perform was inaccurate.  Contrary to Young's claims, the heat and humidity associated with laundry folding are not occupational hazards as described in her residual functional capacity.  And a hotel housekeeper's occasional interaction with hotel guests does not amount to more than minimal or superficial contact with the public.  *See* DOT 369.687-018, 1991 WL 673072; DOT 323.687-014, 1991 WL 672783.

**AFFIRMED.**