**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LATRINDA R. WILFRED-PICKETT, | No. 15-35199 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00466-JPD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue, Magistrate Judge, Presiding

Submitted December 13, 2017**

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Latrinda Wilfred-Pickett appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Titles II and XVI of the Social Security Act. We have

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err in assessing the medical evidence. Although Wilfred-Pickett asserts the ALJ erred by "failing to acknowledge that Wilfred-Pickett's medical evidence, considered in its entirety" supports her testimony about her symptoms and limitations, she does not point to particular evidence the ALJ neglected to discuss. Her argument is tantamount to asking us to reweigh the evidence in her favor, which is not our prerogative. Because Wilfred-Pickett has not argued this issue "specifically and distinctly," she has not preserved it for the Court's review. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003); *accord Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

The ALJ also did not err in weighing the evidence from treating physician Dr. Oswald. Wilfred-Pickett contends the ALJ should not have afforded "some weight" to Dr. Oswald's June 2010 opinion that Wilfred-Pickett was able to return to work and should not have given "little to no weight" to Dr. Oswald's January 2012 and March 2012 opinions that Wilfred-Pickett could not work due to gastroparesis and hypertension. Regarding Dr. Oswald's June 2010 opinion, although Wilfred-Pickett asserts that Dr. Oswald rendering this opinion prior to

2

reviewing the results of Wilfred-Pickett's gastric emptying study undermines this opinion, the ALJ explicitly factored this into her evidentiary calculus. Beyond this contention, Wilfred-Pickett's argument boils down again to asking this Court to assume the ALJ's role and reweigh the evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008). When evidence is "susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citation and internal quotation marks omitted).

Regarding Dr. Oswald's 2012 opinions, the ALJ specified several reasons for discounting this evidence, including that (1) Dr. Oswald did not provide objective findings consistent with her opinion, (2) Dr. Oswald indicated the limitations would last only one or two months, and (3) Wilfred-Pickett's daily activities were inconsistent with this evidence. While Wilfred-Pickett challenges all of the ALJ's reasons on appeal, at the district court, she only took issue with the ALJ's rationale that Dr. Oswald's opinion was not accompanied by objective evidence. As a result, Wilfred-Pickett has waived (or forfeited) her other arguments on appeal. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curium). As to the lack of supporting medical evidence, an ALJ "need not accept the opinion of any physician, including a treating physician, if that opinion

is . . . inadequately supported by clinical findings." *Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Because these opinions from Dr. Oswald do "not contain any explanation of the bases of their conclusions," the ALJ did not err in discounting them. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

For similar reasons, the ALJ did not err in affording "little to no weight" to evidence from treating physician Dr. Victoria Allen. The evidence from Dr. Allen consisted of an application she prepared for Wilfred-Pickett for a disabled parking placard on which Dr. Allen selected a checkbox and did not provide additional explanation. Because an ALJ may "permissibly reject . . . check-off reports that [do] not contain any explanation of the bases of their conclusions," the ALJ did not err in discounting this evidence. *Id.*

The ALJ also did not err in discounting evidence from advanced registered nurse practitioner ("ARNP") Bridget Scott-Fletcher. Because ARNPs qualify as "other sources," the ALJ only needed to offer germane reasons for discounting evidence from Ms. Scott-Fletcher. *See id.* The ALJ's reason that Ms. Scott-Fletcher's evidence was unsupported by any medical explanation fulfilled this requirement. *See Chaudry,* 688 F.3d at 671.

In addition, the ALJ proffered sufficient reasons for discounting evidence from treating psychotherapist Brandon Erickson, MA, MPH. The ALJ explained

Mr. Erickson's opinion lacked supporting objective findings and was inconsistent with Wilfred-Pickett's daily activities and other medical evidence. Although Wilfred-Pickett argues the fact that Mr. Erickson's opinion is not "fully consistent" with other medical evidence is not a legitimate reason to discount his opinion, ALJs are responsible for resolving conflicting medical evidence, *see Tommasetti*, 533 F.3d at 1041-42, and Wilfred-Pickett's argument essentially asks the Court to usurp the ALJ's role in this regard.

Wilfred-Pickett also contends the ALJ erred by affording too much weight to the opinions of four state agency physicians. However, she failed to raise this argument in the district court and, as a result, she has waived (or forfeited) it on appeal. *See Sandgathe*, 108 F.3d at 980.

Contrary to the claimant's arguments, the ALJ also did not err in discounting portions of Wilfred-Pickett's testimony. The ALJ performed the requisite two-step analysis and explained that she discounted Wilfred-Pickett's testimony because, among other reasons, there were times when Wilfred-Pickett appeared to exaggerate the severity of her symptoms, her daily activities were inconsistent with the alleged limiting effects of her symptoms, she made statements inconsistent with her alleged symptoms, and the objective medical evidence in the record failed to substantiate her alleged limitations. *See Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1102 (9th Cir. 2014). These constitute specific, clear, and convincing reasons, and they furnish adequate support for discounting Wilfred-Pickett's testimony. *See id*.; *Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001); *Molina*, 674 F.3d at 1112-13; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). While Wilfred-Pickett takes issue with additional reasons the ALJ proffered for discrediting portions of her testimony, because the reasons listed above provide sufficient grounds for discounting her testimony, any error was harmless. *See Bray*, 554 F.3d at 1227.

The ALJ also properly evaluated the lay witness evidence. Wilfred-Pickett waived (or forfeited) her argument that the ALJ erred by not discussing evidence from a Social Security Administration interviewer who met with Wilfred-Pickett at a field office because she failed to present this point with the requisite specificity to preserve it for this Court's review. *See Carmickle*, 533 F.3d at 1161 n.2. The ALJ also did not err in discounting the evidence from Wilfred-Pickett's son. Mr. Wilfred-Pickett's statement was substantially similar to the claimant's testimony, and an ALJ need only cite the specific, clear, and convincing reasons provided to discount a claimant's testimony to reject similar testimony by a different witness, as the ALJ did here. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

6

Despite Wilfred-Pickett's contentions to the contrary, the ALJ did not err in analyzing Wilfred-Pickett's residual functional capacity ("RFC") or making findings under Step Five of the sequential evaluation. Wilfred-Pickett has not argued this issue specifically as required to invoke this Court's review. *See Carmickle*, 533 F.3d at 1161 n.2. Wilfred-Pickett also does not offer arguments independent of the other errors she alleged concerning the preceding steps in the sequential analysis, and she has not shown the ALJ committed harmful error in these steps.

Finally, the Court need not address Wilfred-Pickett's assertion that the new evidence she submitted to the Appeals Council requires reversal of the ALJ's decision. Wilfred-Pickett repeatedly asserts the new medical evidence "speaks for itself" and invokes case law without elucidating how these cases apply here, which does not amount to arguing the issue "specifically and distinctly" to preserve the issue for appellate review. *See Indep. Towers of Wash.*, 350 F.3d at 929-30.

**AFFIRMED.**