Bryan R. Whittaker, Assistant U.S. Attorney, USHE—Office of the US Attorney, Helena, MT, J. Douglas Wilson, Assistant U.S. Attorney, DOJ-USAO, San Francisco, CA, for Plaintiff-Appellee

Shilpi Agarwal, Esquire, Attorney, Carmen Anamaria Smarandoiu, FPDCA—Federal Public Defenders Office (San Francisco), San Francisco, CA, for Defendant-Appellant

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

### MEMORANDUM **

Kenneth Eugene Holloway appeals from the district court's order denying his second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Holloway argues that the district court erred by failing to consider adequately his amended Guidelines range, all of the 18 U.S.C. § 3553(a) sentencing factors, and by insufficiently explaining its decision. The record reflects the district court acknowledged the reduced Guidelines range and Holloway's eligibility for a reduction. The court noted its reasons for denying Holloway's first motion for a sentence reduction in 2012, and then discussed several of the section 3553(a) factors and its reasons for again denying the reduction in light of those factors. On this record, we conclude that the court considered the section 3553(a) factors and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (describing what constitutes an adequate explanation and stating that "[t]he district court need not tick off each of the § 3553(a) factors to show that it has considered them").

Holloway also contends that his sentence is substantively unreasonable in light of his post-sentencing rehabilitation and other mitigating factors. The district court did not abuse its discretion in declining to reduce Holloway's sentence. *See United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Holloway's 147-month sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See id.* at 1159-60.

**AFFIRMED.**

**Amy F. ELLIOTT, Plaintiff-Appellant,**

v.

**Nancy A. BERRYHILL, Acting Commissioner Social Security, Defendant-Appellee.**

**No. 16-16085**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 13, 2017 *
San Francisco, California

Filed December 20, 2017

Jared Walker, Law Office of Jared T. Walker, P.C., Sacramento, CA, for Plaintiff-Appellant

Bobbie J. Montoya, Assistant U.S. Attorney, USSAC—Office of the US Attorney, Sacramento, CA, Lara A. Bradt, Special Assistant U.S. Attorney, Daniel Paul Talbert, Special Assistant U.S. Attorney, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant-Appellee

Before: GOULD and MURGUIA, Circuit Judges, and GRITZNER,** District Judge.

## MEMORANDUM ***

Amy Elliot appeals a district court decision affirming the denial of her application for Supplemental Security Income benefits. She makes three arguments on appeal. First, she argues that the administrative law judge (ALJ) improperly discounted a treating physician's opinion that she could not concentrate on simple tasks. Second, she argues that the ALJ improperly discounted the same physician's opinion that she could never stoop. Finally, she argues that the ALJ did not adequately address the side-effects of her prescription medications, including constipation and an inability to operate machinery. For the reasons stated below, we affirm the district court's decision.

We review the district court's decision *de novo* to assess whether the ALJ's decision "was supported by substantial evidence and a correct application of the law." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation omitted). "Substantial evidence" is evidence that a reasonable mind might accept as adequate to support a conclusion, based on the record as a whole. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

Regarding Elliot's ability to stoop and ability to concentrate, the ALJ's determination of Elliot's residual functional capacity was supported by substantial evidence. Elliot's treating physician noted on a checklist that her pain or other symptoms would "frequently" be "severe enough to interfere with attention and concentration needed to perform even simple work tasks" and that she could "never" stoop. While a treating physician's opinion is normally given controlling weight, an ALJ can reject a contradicted opinion of a treating physician for "specific and legitimate reasons that are supported by substantial evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citation omitted). An examining physician's opinion can serve as specific and legitimate reasons for rejecting a treating physician's opinion if it is based on an independent examination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Here, a licensed psychologist examined Elliot and found that she had, at worst, a

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

mild psychological impairment of her ability to perform a range of work-related activities. The physician reached this conclusion based on several clinical tests. And the physician took into account Elliot's pain. A different examining physician found that Elliot could occasionally stoop. Again, this physician based this opinion on several clinical tests, determining that Elliot could "bend over within one foot of touching the floor" and that she had 0-50 degree flexion in the lumbar region and 0-50 degree flexion in the cervical region. In both cases there was substantial evidence supporting the ALJ's conclusions. Moreover, because the ALJ ultimately adopted the treating physician's residual functional capacity findings, any error was harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (Harmless error may occur "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.")

Elliot also claims that side-effects of her medication—constipation and an inability to operate machinery—were not considered by the ALJ. Elliot has the burden of showing that her constipation severely interferes with her ability to work. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (in the five-step process for assessing whether a claimant is entitled to SSI benefits, the claimant has the burden at step two to show that she has a severe impairment and at steps three and four to show that the impairment limits her residual functional capacity). Elliot has provided no evidence that constipation impeded her ability to work—not even subjective testimony at the hearing. She also claims that her constipation should have been included in the hypothetical to the vocational expert. But we have held that where, as here, there is only passing mention of the side-effect in the medical record, and no evidence that it is severe enough to interfere with work, the ALJ does not err by relying on the vocational expert's response to a hypothetical question that does not include the side-effect. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001).

Finally, any error related to Elliot's inability to operate machinery is harmless. And "we may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Of the three jobs noted by the vocational expert, none requires the use of machinery. *See* DICOT 706.684-022 (small products assembler), DICOT 211.462-010 (cashier), and DICOT 295.367-026 (storage-facility rental clerk). Regardless of this alleged error, the ALJ identified a sufficient number of jobs in the national economy that Elliot could perform.

**AFFIRMED.**