**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLEN GEORGE, | No.    15-35348 |
| Plaintiff-Appellant, | D.C. No. 3:13-CV-1505-AC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 22, 2018**

Before: FARRIS, CANBY, and LEAVY, Circuit Judges.

Glen George appeals the district court's affirmance of the Commissioner of

Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The administrative law judge ("ALJ") did not err by affording more weight to examining psychologist Dr. Bates-Smith's opinion and discounting treating psychologist Dr. Smurthwaite's opinion. Although George contends the ALJ was required to proffer clear and convincing reasons for rejecting portions of Dr. Smurthwaite's opinion because his assessment of George was uncontradicted, George did not raise this argument in the district court. Therefore, the Court need not consider this argument on appeal. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam).

Even if this argument were properly before the Court, it lacks merit, as the record shows Dr. Smurthwaite's opinion was contradicted. Dr. Smurthwaite's opinion diverges from that of Dr. Bates-Smith concerning George's ability to complete simple tasks. While Dr. Bates-Smith concluded George had no limitations concerning his ability to carry out simple instructions, Dr. Smurthwaite opined George would need long, frequent breaks from even a simple, routine job. As a result, the ALJ was only required to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Smurthwaite's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

2

In addition, the reasons the ALJ provided for rejecting portions of Dr. Smurthwaite's opinion fulfill either standard of review. The ALJ stated there were inconsistencies between Dr. Smurthwaite's opinion and George's reported daily activities, Dr. Smurthwaite had not performed a formal psychological evaluation of George, and Dr. Smurthwaite's opinion was "speculative" and based on George's subjective reports. These reasons are legally valid and supported by substantial evidence in the record. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999); *Chaudry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012); *Andrews v. Shalala*, 53 F.3d 1035, 1042 (9th Cir. 1995).

The ALJ did not err in discounting George's testimony concerning the extent of his symptoms and their limiting effects. The ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of George's testimony. *See Trevizo*, 871 F.3d at 678. The ALJ cited the fact that the objective medical evidence did not support George's testimony, the inconsistencies between George's testimony and the medical opinions in the record, inconsistencies between George's alleged symptoms and reported daily activities, and the effectiveness of George's prescribed treatments.

George takes issue with other reasons the ALJ enumerated for rejecting his testimony, such as the ALJ's comments that "not all treatment options have been

explored" and that George's ability to chart his moods and behaviors indicated some level of persistence, contrary to his testimony. Even if the ALJ erred in relying on these grounds, any error was harmless, as the other reasons the ALJ provided for discounting George's testimony are supported by substantial evidence. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

Contrary to George's assertions, the ALJ's Step Five findings are supported by substantial evidence. The ALJ relied upon the Medical-Vocational Guidelines ("Grids"), rather than calling upon a vocational expert to testify, to determine George was able to engage in work that exists in significant numbers in the national economy. George argues the limitations in his residual functional capacity ("RFC") concerning social contact and performing simple tasks significantly detract from the base of occupations he could perform as represented by the Grids, and therefore the ALJ erred by not hearing testimony from a vocational expert. However, the Grids encompass only unskilled work, which by definition involves only simple tasks and usually does not entail extensive personal contact. *See* 20 C.F.R. § 404.1568(a); S.S.R. 85-15, 1985 WL 56857, at *3; *Terry v. Sullivan*, 903 F.2d 1273, 1276-77 (9th Cir. 1990). Consequently, George's limitations would not significantly affect the base of unskilled work he could perform.

George also contends that multiple nonexertional impairments may substantially reduce the number of jobs available, even if those impairments considered singly would not. He argues restricting him to positions that involve little contact with supervisors or coworkers would require him to take positions that require independence and complex decision-making. However, in George's case, the Grids account for his nonexertional limitations. Because the Grids only include unskilled jobs, these positions are limited to simple duties and do not necessitate complex decision-making because, by definition, they require "little or no judgment." *See* 20 C.F.R. § 404.1568(a). Thus, the Grids provide substantial evidentiary support for the ALJ's Step Five findings.

**AFFIRMED.**