**Barbara J. ERITANO, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of the Social Security Administration, Defendant–Appellee.**

**No. 05–17366.**

United States Court of Appeals, Ninth Circuit.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Submitted Nov. 9, 2007.**

Filed Nov. 15, 2007.

Steven G. Rosales, Esq., Law Offices of Lawrence, Santa Fe Springs, CA, for Plaintiff–Appellant.

Jean M. Turk, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Edward R. Korman, Chief Judge of the United States District Court for

Before: NOONAN and McKEOWN, Circuit Judges, and KORMAN ***, Senior Judge.

## MEMORANDUM ****

Barbara Eritano appeals the decision of the district court affirming the Social Security Administration's denial of her application for disability insurance benefits. On appeal, Eritano raises the sole issue of whether the Administrative Law Judge ("ALJ") erred in rejecting portions of an examining physician's medical report.

We review de novo the district court's decision. *See Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir.2000). In doing so, we give deference to the Commissioner's decision to deny benefits, and we will only set aside that decision "if it is not supported by substantial legal evidence or if it is based on legal error." *Flaten v. Sec'y of HHS,* 44 F.3d 1453, 1457 (9th Cir.1995).

In denying Eritano's application for benefits, the ALJ gave "greater weight" to the physical evaluation of an examining physician, Dr. Manohara, but rejected a portion of his report. An ALJ may disregard part of an examining physician's opinion, or even an entire report, if it is based on a claimant's exaggerated claims. *See Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997). When a report is rejected in part or in its entirety, the ALJ must pro-

the Eastern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vide an explanation for the rejection. *See Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir.1988). The ALJ met this burden. He set forth his reasons for finding that Eritano's testimony was "not entirely credible," and then he explained that a hypothetical based on Dr. Manohara's conclusion was not reliable because it was based on this unsupported testimony. The ALJ's decision was supported by substantial evidence and not based on legal error.

AFFIRMED.