Kathy **MARTINEZ**, Plaintiff–Appellant,

v.

Michael J. **ASTRUE**,* Defendant–Appellee.

No. 05–17265.

United States Court of Appeals, Ninth Circuit.

the Social Security Administration. Fed. R. App. P. 43(c)(2).

Submitted Nov. 9, 2007.**

Filed Dec. 20, 2007.

Brewer & Mitchell, LLP, Sacramento, CA, Gail Stassinos, Esq., Law Office of Gail Stassinos, Carmichael, CA, for Plaintiff–Appellant.

USSAC–Office of the U.S. Attorney, Sacramento, CA, Eric K.H. Chin, Esq., SSA–Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HALL and BYBEE, Circuit Judges, and ZAPATA,*** District Judge.

## MEMORANDUM ****

The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provid-

The Ninth Circuit reviews a district court's order upholding the denial of disability benefits *de novo*. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998). The Commissioner's decision must be affirmed if it was supported by substantial evidence and based on proper legal standards. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir.2005).

■ Kathy Martinez, the Appellant, argues that the Commissioner committed reversible error by failing to properly credit the opinions of her three treating physicians (Drs. Friend, Gregory and Scarmon). The Administrative Law Judge ("ALJ") considered the opinions of Dr. Friend, and reasonably found that Dr. Friend's opinions were consistent with Dr. Jordan's opinions reflecting that Martinez is capable of "medium" work. *See Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982) ("Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld."). The only opinion of Dr. Friend's that Martinez argues was contradicted is the note Dr. Friend wrote just after her automobile accident, which stated, "Must be off from work beginning 4–25–01 and remain off from work until further notice." Considering that the note was written shortly after the April 13, 2001 accident, there is no indication as to whether Dr. Friend intended this prohibition to last indefinitely. Regardless, the opinion that Martinez is unable to work is not a medical opinion, but is an opinion about an issue reserved to the Commissioner. It is therefore not accorded the weight of a medical opinion. *See* 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."). Martinez's argument as to Dr. Gregory is waived as she failed to properly

raise this issue before the district court. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997). Dr. Scarmon's opinion, contained in a "check the box" form, was permissibly rejected as conclusory. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.2002).

■ Martinez also argues that the ALJ erred in discrediting her testimony pertaining to the severity of her pain. The ALJ properly rejected Martinez's testimony as he offered "specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). The ALJ rejected Martinez's testimony of disabling pain as it was inconsistent with her activities of daily living, not supported by the objective medical evidence, and not substantiated by creditable medical opinions.

■ Lastly, as the ALJ found that Martinez could not bend, stoop, or crouch more than occasionally and that she should not lean on her elbows, the ALJ erred by relying solely on the Medical–Vocational Guidelines ("grids") and not requiring testimony from a vocational expert in light of these non-exertional limitations. *See Bruton v. Massanari*, 268 F.3d 824, 827–28 (9th Cir.2001); *Desrosiers v. Sec'y of HHS*, 846 F.2d 573, 580 (9th Cir.1988) (Pregerson, J., concurring). Accordingly, we reverse the district court's judgment in favor of the Commissioner, and remand the matter to the ALJ to take the testimony of a vocational expert to determine whether Martinez is capable of performing other jobs existing in the national economy in significant numbers. *See Bruton*, 268 F.3d at 828 ("Because Bruton may have [a non-exertional] impairment, the Commissioner cannot rely on the grids. Instead, the Commissioner must rely on the testimony of a vocational expert to determine ...

whether Bruton remained capable of performing 'other jobs that exist in substantial numbers in the national economy.'" (citing *Lewis v. Apfel,* 236 F.3d 503, 508 (9th Cir.2001))); *see also Tackett v. Apfel,* 180 F.3d 1094, 1103–04 (9th Cir.1999) (remanding with instructions to take the testimony of a vocational expert because the claimant's inability to sit for more than 30 minutes constituted a non-exertional limitation not contemplated by the grids); *Gonzalez v. Sullivan,* 914 F.2d 1197, 1202 (9th Cir.1990) (remanding with instructions to employ a vocational expert because the ALJ erred in relying exclusively on the grid system without explaining how claimant's bladder problem affected his ability to work).

**REVERSED AND REMANDED.**

---

\*\*\* The Honorable Pasco M. Bowman, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.