Dawn M. **RAYMOND,** Plaintiff– Appellant,

v.

Michael J. **ASTRUE,** Defendant– Appellee.

No. 06–35775.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2008.

Filed May 21, 2008.

Eitan Kassel Yanich, Esq., Olympia, WA, for Plaintiff–Appellant.

Nancy A. Mishalanie, Esq., SSA–Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

BEFORE: B. FLETCHER, and PAEZ Circuit Judges, and SCHWARZER,* District Judge.

MEMORANDUM **

Dawn Raymond appeals the decision of the district court affirming the Social Security Commissioner's decision to deny her claim for Social Security Disability Insurance benefits and Supplemental Security Income benefits. Raymond contends that the Administrative Law Judge (ALJ) improperly determined her residual function-

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

al capacity and improperly relied on the Medical–Vocational Guidelines to determine whether she is capable of performing work in the national economy. We hold that the ALJ's findings regarding Raymond's residual functional capacity are not supported by substantial evidence and we remand for testimony of a vocational expert at step five of the sequential evaluation process.

■ We review the district court's decision de novo. *Mayes v. Massanari,* 276 F.3d 453, 458 (9th Cir.2001). We must affirm if the ALJ applied the proper legal standard and the factual findings are supported by substantial evidence. *Id.* at 458–59. Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997) (internal quotation marks omitted).

■ The ALJ found that Raymond had the residual functional capacity to perform the full range of sedentary work, including the ability to lift and carry up to 10 pounds, to stand and walk for about two hours in an eight-hour workday, and to sit for about six hours in an eight-hour workday. The ALJ's finding regarding Raymond's ability to sit is not supported by substantial evidence. The only evidence in the record regarding Raymond's ability to sit is her uncontradicted testimony that she is unable to sit for more than one and one half hours at most. Raymond's mother also testified that Raymond switches between sitting and standing positions "all the time." The ALJ cited no evidence in support of his finding that Raymond is capable of sitting for six hours out of an eight-hour workday, and our review of the record reveals no evidence regarding Raymond's ability to sit other than her uncontradicted testimony. We therefore hold that the ALJ's finding regarding Ray-

mond's residual functional capacity is not supported by substantial evidence.

■ Raymond argues that the ALJ improperly consulted the Medical–Vocational Guidelines to determine whether she is capable of performing work in the national economy. At step five of the sequential evaluation process, the Commissioner bears the burden of showing that the claimant is able to perform work "that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir.1999) (quoting 20 C.F.R. § 404.1560(b)(3)). The Commissioner may meet this burden either through the testimony of a vocational expert or by reference to the Medical–Vocational Guidelines. *Id.* at 1101. The ALJ may not rely solely on the Guidelines, however, unless they "accurately and completely describe the claimant's abilities and limitations." *Jones v. Heckler,* 760 F.2d 993, 998 (9th Cir. 1985). For example, the ALJ must take the testimony of a vocational expert where the claimant suffers from non-exertional limitations that "significantly limit the range of work permitted by his exertional limitations." *Tackett,* 180 F.3d at 1102 (internal quotation marks omitted). "Examples of non-exertional limitations are pain, postural limitations, or environmental limitations." *Id.*

■ Here, the ALJ's decision to rely solely on the Medical–Vocational Guidelines was based on his finding that Raymond is capable of performing the full range of sedentary work. This finding was based in turn on the ALJ's subsidiary finding that Raymond is capable of sitting for six hours, which was not supported by substantial evidence. Raymond submitted uncontradicted evidence that she suffers from postural limitations. Raymond's difficulty with sitting is a significant non-

exertional limitation that limits her ability to perform the full range of sedentary work. *See id.* at 1103–1104. Accordingly, the ALJ was required to take the testimony of a vocational expert to determine whether Raymond is capable of performing any work in the national economy. *Id.* at 1104. We therefore remand to the Social Security Administration for the ALJ to hear the testimony of a vocational expert at step five of the sequential evaluation process.

**VACATED and REMANDED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.