**Vickie A. NUNEZ, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of the Social Security Administration,* Defendant–Appellee.**

No. 04–55619.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 23, 2008.**

Filed Nov. 13, 2008.

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Geralyn A. Gulseth, Esq., Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CALLAHAN and IKUTA, Circuit Judges, and SHADUR,\*\*\* District Judge.

### MEMORANDUM \*\*\*\*

Vickie Nunez appeals from the district court's order upholding the Administrative Law Judge's (ALJ) denial of social security disability benefits. We affirm. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

Substantial evidence supports the ALJ's determination that Nunez's impairments did not meet or equal Listing 1.13 or Listing 1.05C. The record does not clearly establish, by means of objective medical signs and laboratory findings, that Nunez's condition met the requirements of either listing during the relevant time period. *See Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005); *Young v. Sullivan,* 911 F.2d 180, 184–85 (9th Cir.1990). Where the evidence is unclear or conflicting, we must uphold the Commissioner's decision. *Burch,* 400 F.3d at 679; *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997).

Further, the ALJ did not err by relying on the medical opinion of a non-examining physician, Dr. Gurvey, who disagreed with the findings of Nunez's treating and examining physicians. "Although 'more weight is given to a treating physician's opinion than to the opinion of a nontreating physician,' the ALJ may reject controverted testimony of a treating physician if [the ALJ] has specific and legitimate reasons supported by substantial evidence." *Sandgathe,* 108 F.3d at 980 (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1040–41 (9th Cir.1995)); *see also Magallanes v.*

*Bowen,* 881 F.2d 747, 755 (9th Cir.1989). Here, the ALJ did not err in crediting the opinion of Dr. Gurvey above the opinions of Dr. Angerman, Dr. Berenji, Dr. Capen, and Dr. Lounsberry, because the ALJ gave specific and legitimate reasons supported by the record for rejecting the opinions of those physicians. Because Dr. Gurvey's opinion was consistent with other evidence in the record—specifically, testimony of Dr. Crawford, Dr. Phelps, and Dr. Borelli—reliance on the medical opinion of a non-examining physician did not amount to an abandonment of the ALJ's position as an impartial adjudicator. *See Magallanes,* 881 F.2d at 752–53.

Finally, the ALJ did not err in relying on a hypothetical that assumed Nunez could work with her hands, because substantial evidence supports the ALJ's conclusion that Nunez did not have material limitations in the use of her hands. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1217–18 (9th Cir.2005); *Magallanes,* 881 F.2d at 756–57.

**AFFIRMED.**

---

\*\*\* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.