FILED

MAY 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LISA M. HEALY, | No. 08-56561 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02593-CJC-CT |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted February 3, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

Lisa Healy appeals the denial of her claim for Social Security Disability

Insurance and Supplemental Security Income benefits. The parties are familiar

with the facts of this case, which we repeat here only to the extent necessary to

explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review the Commissioner of Social Security's denial of benefits de novo. *Gillett-Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir. 2004). We must affirm the Commissioner's decision if it is supported by substantial evidence and applies the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam) (internal quotation marks).

To establish disability due to a disorder of the spine, Listing 1.04 requires nerve root compromise, as well as limitation of spine motion and, in the case of lower back impairments such as Healy's, a positive straight-leg raising test. 20 C.F.R. Pt. 404, subpt. P, app. 1A1.04. Here, Dr. Boeck explicitly found no nerve root compromise at any level, and straight-leg raising tests were negative. Dr. Flannery found that Healy had a normal range of motion. Dr. Zaki also found that Healy exhibited a full range of motion in the cervical spine. Substantial evidence supports the administrative law judge's ("ALJ") finding that Healy's impairments do not meet or medically equal the spine-related impairments described in Listing 1.04.

Chronic fatigue may be a disabling impairment "when it is accompanied by medical signs or laboratory findings." SSR 99-2p. A diagnosis of chronic fatigue requires:

> clinically evaluated, persistent or relapsing chronic fatigue that is of new or definite onset (i.e., has not been lifelong), cannot be explained by another physical or mental disorder, is not the result of ongoing exertion, is not substantially alleviated by rest, and results in substantial reduction in previous levels of occupational, educational, social, or personal activities.

*Id*. Here, Healy's impairments do not meet the requirements of Social Security Ruling 99-2p. Healy reported that she had "always" felt fatigued, and Dr. Tempesti reported that Healy had a "longstanding history" of fatigue. Thus, Healy's fatigue did not meet the "new or definite onset" condition necessary to a chronic fatigue diagnosis. Dr. Ritvo found that Healy had no impairment in her memory or concentration. **[SER 251-2]** Furthermore, Drs. Tempesti and Gunnell found several possible alternative sources of Healy's fatigue, including anemia, vitamin deficiency, and excessive tobacco use. **[SER 342, 364]** Though Dr. Alpern expressed disagreement with SSR 99-2p, both he and the ALJ correctly applied the ruling to determine that Healy was not disabled due to chronic fatigue syndrome. Substantial evidence supported that determination. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that eports of non-examining expert

3

"may serve as substantial evidence when they are supported by other evidence in the record ").

Lastly, Healy argues that the ALJ erred by failing to consider the opinion of treating physician Dr. Joey Brett. Dr. Brett's opinion was presented only to the Appeals Council, and was never submitted to the ALJ for consideration. On appeal, however, we may consider both the ALJ's decision and additional material submitted to the Appeals Council. *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993).

"When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Brett treated Healy for only about one month. His report consists of a "check the box" style questionnaire and includes no objective clinical findings. As the Appeals Council stated, Dr. Brett's opinion does not merit great weight or affect the determination that Healy is not disabled.

**AFFIRMED.** Each side to bear its own costs.

4