**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARYL J. ALLISON,

               Plaintiff - Appellant,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

               Defendant - Appellee.

No. 10-35156

D.C. No. 2:09-cv-00417-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted February 10, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

    Daryl Allison appeals the district court's order and judgment upholding the

final decision by an administrative law judge (ALJ) that he was not disabled and

therefore not entitled to Social Security disability benefits. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review de novo a district court's order affirming the ALJ's denial of benefits. *Lockwood v. Comm'r  Social Sec. Admin.*, 616 F. 3d. 1068, 1071 (9th Cir. 2010).  The ALJ's decision  must be upheld if supported by substantial evidence and if the ALJ  applied the correct legal standards. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003).  Substantial evidence is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1011(quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

Allison first contends that the ALJ erred in declining to credit Dr. Williamson-Kirkland's opinion that Allison was totally and permanently disabled due to the combined effects of his right shoulder condition and his cognitive limitations and avoidant and dependent personality traits.  Allison did not raise this argument before the district court.  The argument is therefore waived. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).  Even if the argument were not waived, we would still reject it.

The ALJ rejected Dr. Williamson-Kirkland's opinion for several reasons: he is not a psychologist or psychiatrist and has treated Allison exclusively for his right shoulder impairment; Allison did not establish that he suffered from depression and a severe back impairment, which Dr. Williamson-Kirkland opined that work in

2

conjunction with Allison's right shoulder condition to render him disabled; Allison's cognitive difficulties did not affect his performance at Orion Industries; Dr. Lewy, a nonexamining psychologist who reviewed Allison's medical file, opined that Allison could perform one to three and three to five step tasks that were predictable and moderately paced and could occasionally interact with the public and work without limitations with supervisors; Dr. Lewy's testimony was consistent with the results of the psychological tests administered by treating psychologists Ward and Powel as well as Allison's activities.

Allison does not challenge, on this appeal, the ALJ's findings of lack of depression and lack of a back impairment. As to the other reasons proffered by the IJ, they have substantial support in the record, a fact which Allison does not contest. Allison argues, however, that the ALJ erred in declining to credit Dr. Williamson- Kirkland's opinion on disability on the ground that he is not a psychologist or psychiatrist.

Allison is correct that if the treating physician "provided treatment for the claimant's psychiatric impairment," a treating physician's opinion on the mental state of his patient constitutes competent psychiatric evidence and may not be discredited on the ground that the physician is not a certified psychiatrist. *See Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.1995); *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987). Even if the treating physician is not providing treatment for the patient's mental impairment, "the treating physician's opinion as to the combined impact of the claimant's limitations—both physical and mental—is entitled to special weight." *Lester*, 81 F.3d at 833. But under certain circumstances, a treating physician's opinion on a matter may be entitled to little if any weight. *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 2 (9th Cir. 2001). This might be the case, for instance, if the treating physician "offers an opinion on a matter not related to her or his area of specialization, and presents no support for her or his opinion on the matter." *Id*. (citing 20 C.F.R. § 404.1527(d)(3), (5)).

Dr. Williamson-Kirkland presented no support for his opinion that Allison was disabled as a result of the combined effect of his right shoulder condition and his cognitive limitations and avoidant and dependent personality traits. That opinion is also contradicted by the opinions of the three psychologists that have treated Allison or reviewed his medical file. Each found that Allison's personality traits and cognitive disorder somewhat impacted his ability to interact with the public and his ability to process certain kinds of information, but otherwise did not find any psychiatric impediments to Allison's ability to return to work. Thus, the ALJ offered specific and legitimate reasons supported by substantial evidence in

4

the record for rejecting Dr. Williamson-Kirkland's opinion on disability. *See id*. at 1203. There was no error.

Next, Allison argues that the ALJ erred in assessing his residual functional capacity ("RCF") by failing to consider his cognitive limitations and avoidant/ dependant personality traits, which allegedly render him unable to stay within his physical limitations. Although Dr. Williamson-Kirkland referred several times to Allison's exercising poor judgment at work, he never attributed this to a medically determinable impairment. *See* SSR 96-8p ("The RFC assessment considers only functional limitations and restrictions that result from an individual's *medically determinable impairment or combination of impairments*, including the impact of any related symptoms.") (emphasis added). The ALJ correctly omitted Allison's allegedly medically-relevant poor judgment from the RFC determination. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary). Further, the ALJ correctly considered those cognitive limitations for which there was support in the record and accounted for them by limiting Allison's work to three to five step tasks that are predictable and moderately paced and that require only occasional interaction with the public. The ALJ did not err in the RFC assessment.

5

Allison further argues that the ALJ erred in requiring the vocational expert to assume that he could work within his physical restrictions. Because, as explained above, Allison's alleged inability to stay within his physical limitations due to his cognitive impairment and personality traits has insufficient support in the record, the ALJ did not have to include it in her hypothetical question to the vocational expert. *See id*. at 1217–18 (holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record).

Finally, Allison argues that the ALJ erred in finding that he can perform a significant number of jobs in the national economy that are within his physical limitations. The ALJ's finding that Allison could work as a small-parts assembler is not supported by substantial evidence, as there was no evidence that Allison would be able to maintain the production pace required of a small-parts assembler to stay competitive. The error is, however, harmless if the remaining jobs identified by the vocational expert exist in significant numbers. *See Carmickle v. Comm's., Soc. Sec. Admin.*, 533 F.3d 1155, 162–63 (9th Cir. 2008) (holding error harmless where substantial evidence supports the ALJ's other legally valid reasons).

The vocational expert testified that Allison could perform, besides the job of small parts assembler, the job of non-postal mail room clerk, with 152,000 mail

6

room clerk jobs in the national economy and 2,500 jobs in the region, and office helper, with 118,000 such jobs in the national economy and 2,400 jobs in the region. This is a significant number of jobs. *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (2,400 jobs in region and 64,000 nationwide is significant). Both jobs are also within Allison's RFC. The ALJ's error in finding that Allison could work as a small-parts assembler is harmless.

For the foregoing reasons, the judgment of the district court is AFFIRMED.