MEMORANDUM **
Luis Demelo appeals from the district court’s order remanding the case for case for further proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Treichler v. Comm’r, 775 F.3d 1090, 1098 (9th Cir. 2014), and we affirm.
Under 42 U.S.C. § 405(g), the district court was obligated to review the Commissioner’s decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008) (citing Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam)). The district court found that the Commissioner’s decision is not based on substantial evidence- because of the new evidence that was submitted to the Appeals Council.
Given the finding that the Commissioner’s decision was not based on substantial evidence, the next question for the district court was whether to make a disability determination or remand for further proceedings. A district court may “revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing,” but “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” Treichler, 775 F.3d at 1099 (first quoting 42 U.S.C. § 405(g); then citing Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)).
Under this circuit’s “three-part credit-as-true standard,” a court may remand for an award of benefits when all of the following conditions are met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).
The district court applied the “credit-as-true” test and found that the first prong was not met because the new evidence raised questions about Demelo’s current state and therefore made the record incomplete. As a result, the district court found that Demelo “does not satisfy all three conditions of the credit-as-true rule because the record needs to be more fully developed and further proceedings are necessary.”
The dissent argues that if “Demelo had not submitted new evidence to the Appeals Council, a district court properly applying *806 the credit-as-true rule would have been obligated to remand for an immediate award of benefits.” The fact is that Demelo did submit additional records to the Appeals Council, which means that the additional records became part of the Administrative Record. Brewes v. Commissioner, 682 F.3d 1167, 1163 (9th Cir. 2012). Under the circumstances here, the new records are not sufficient to render complete the otherwise incomplete and at least partially contradictory record. While those additional records show further cardiac events, they are not so conclusive as to disability that, under an abuse of discretion standard, it would be “beyond the pale of reason” to remand for further proceedings. Harman v. Apfel, 211 F.3d 1172, 1176 (9th Cir, 2000) (citing Valley Eng’rs v. Elec. Eng’g Co., 158 F.3d 1061, 1067 (9th Cir. 1998)).
Given the conflicting and incomplete medical, evidence in the record,[1] the district court’s decision to remand for further proceedings was not “beyond the pale of reasonable justification under the circumstances.” Id. The district court did not abuse its discretion in remanding the case for further proceedings.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Demelo's motion to supplement the record with new evidence [DktEntry 61-1] is DENIED. This denial does not prevent Demelo from moving to supplement the record with this new evidence on remand.