NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CASHELLA BENJAMIN, | No.    16-16747 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-02995-NJV |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding

Submitted December 8, 2017[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and LUCERO[***] and OWENS, Circuit Judges.

Cashella Benjamin appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of Benjamin's application for

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

supplemental security income under Title XVI of the Social Security Act. As the parties are familiar with the facts, we do not recount them here. We affirm.

We review the district court's decision de novo, and the Commissioner's denial of benefits must be supported by substantial evidence and a correct application of the law. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (noting that substantial evidence "is a highly deferential standard of review").

The Commissioner's determination at step two in the sequential evaluation process is supported by substantial evidence. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.920(a)(4)(ii), (c). The Administrative Law Judge ("ALJ") properly relied on the absence of medical evidence that Benjamin's depression and anxiety caused more than minimal limitations in her ability to perform basic work activities, and were therefore not "severe." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) ("An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" (citation omitted)). Even if her doctors at the Schuman-Liles Clinic constitute a "treating source" under *Benton v. Barnhart*, 331 F.3d 1030, 1035-39 (9th Cir. 2003), none of them opined that Benjamin had more than minimal limitations in her ability to perform basic work activities. The ALJ had a germane reason for giving "little weight" to the opinion of Ellen Vargas, a

2

Licensed Clinical Social Worker, because it was inconsistent with the underlying treatment notes. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (noting that "other source" opinions, such as from social workers, are not entitled to the same deference as acceptable medical sources, and the ALJ may discount such opinions if it gives "germane" reasons for doing so (citations omitted)). Further, even if Benjamin's mental impairments met the twelve-month duration requirement, substantial evidence supports that they did not cause more than minimal limitations in her ability to perform basic work activities.[1] *See* 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii).

Substantial evidence also supports the Commissioner's determination at step three that Benjamin's depression and anxiety did not meet or equal a listed impairment. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.920(a)(4)(iii), (d). Contrary to Benjamin's contention, substantial evidence supports that her mental impairments did not meet the criteria for Listing 12.06 (Anxiety Related Disorders). 20 C.F.R. pt. 404, subpt. P, app. 1 (Dec. 2, 2013).

In addition, substantial evidence supports the Commissioner's determination that Benjamin's residual functional capacity sufficiently incorporated her mild

---

[1] Benjamin has waived her argument that the Commissioner violated her due process rights and discriminated against her based on gender because she failed to raise it in the district court. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). Moreover, her argument is unpersuasive given that the duration requirement is not dispositive here.

mental limitations in concentration, persistence, or pace. *See* 20 U.S.C. § 405(g); 20 C.F.R. §§ 416.920(a)(4), (e), 416.945(a).

Likewise, substantial evidence supports that the ALJ's hypothetical to the vocational expert sufficiently incorporated Benjamin's mild mental limitations in concentration, persistence, or pace. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (holding that "[t]he omission of depression from the hypothetical question is supported by substantial evidence in the record" because "[t]he most recent medical evaluations by [the claimant's] treating physician diagnosed [his] depression as a mild impairment, which presented no significant interference with the ability to perform basic work-related activities").

Finally, remand is not warranted based on the new medical evidence Benjamin submitted to the Appeals Council after it issued its decision. If *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012), applies, this new evidence does not change that substantial evidence supports the Commissioner's decision. And, under 42 U.S.C. § 405(g), this new evidence is not "material" because there is not a "reasonable possibility" that it would have altered the Commissioner's decision. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (citation omitted).

**AFFIRMED**.