**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACEY MORA, | No. 18-35947 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00326-REB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Ronald Bush, Magistrate Judge, Presiding

Argued and Submitted October 24, 2019
Portland, Oregon

Before: FARRIS, BEA, and CHRISTEN, Circuit Judges.

Although Stacey Mora suffers from deep vein thrombosis and pulmonary

emboli with ongoing anticoagulant therapy; obesity; tremors secondary to

medication; mild asthma; and depression, the record supports the Commissioner of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act. It was not error to determine that Ms. Mora's impairments are not severe enough to meet or medically equal the criteria of a listed impairment in the relevant regulations. Nor was it error to determine that Ms. Mora has the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy.

The sole issue presented in this appeal that Ms. Mora both raised before the district court and preserved on appeal is that the Administrative Law Judge ("ALJ") failed to give proper weight to the medical opinion of Ms. Mora's treating psychiatrist, Dr. DeSilva, who attested that Ms. Mora met a listed mental impairment.[1] Although Dr. DeSilva's records documented Ms. Mora's subjective feelings, complaints, and medications, his records contained no objective medical evidence (*e.g.*, laboratory or psychological testing) since the alleged onset date of Ms. Mora's disability to support her claim of a mental disability. *See* 42 U.S.C. § 423(d)(5)(A).

---

[1] For the first time on appeal, Ms. Mora also challenges (1) the ALJ's conclusions concerning her RFC; (2) whether the ALJ gave proper weight to statements from Ms. Mora's former social worker and mother; and (3) the ALJ's analysis of Ms. Mora's failure to seek in-person mental health counseling until September 2015. Although Ms. Mora argues that she cannot waive pure questions of law, she fails to explain how any arguments related to these challenges (as stated in her opening brief on appeal) present pure questions of law.

The ALJ had substantial evidence in the medical record to discount the conclusions of Dr. DeSilva, whose notes since the alleged onset date showed no psychological exams, and other medical evidence in the record generally described benign findings and normal results. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997). Although Ms. Mora argues on appeal that Dr. DeSilva in fact conducted laboratory and psychological testing after her alleged onset date, she cites to nothing in the record to support that contention. Instead, the record reflected Ms. Mora's ability to exercise at a fitness center, go hiking and boating, and interact socially so that most people did not know that she was depressed. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). There was no objective medical evidence to support Dr. DeSilva's attestation that Ms. Mora met the criteria for a listed impairment, and thus Ms. Mora's argument that the ALJ erred in discounting Dr. DeSilva's opinion fails.

**AFFIRMED**.