NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN LOADER,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    21-35429

D.C. No. 6:19-cv-00026-JTJ

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Argued and Submitted March 8, 2022
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Kevin Loader appeals from the district court's decision affirming the

decision of an administrative law judge (ALJ) denying his application for disability

insurance and supplemental security income under the Social Security Act. After

an ALJ initially denied Loader's application, a previous panel of this court

remanded, holding that the ALJ had erred in failing to consider how Loader's

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

depression would affect his residual functional capacity (RFC). *Loader v. Berryhill*, 722 F. App'x 653, 655–56 (9th Cir. 2018). On remand, the agency again concluded that Loader is not disabled. We have jurisdiction under 28 U.S.C. § 1291, and we review de novo. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). We will overturn a decision to deny benefits only if it is "not supported by 'substantial evidence or it is based on legal error.'" *Id.* (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). We affirm.

1.      Loader argues that the ALJ erred by not providing sufficient reasons to reject his testimony about the effects of his depression. Where, as here, a claimant has presented objective evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged," the ALJ must provide "specific, clear and convincing reasons" to reject the claimant's testimony about his symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). Substantial evidence supports the ALJ's determination that Loader was not fully credible. Though Loader alleged that he had difficulty controlling his mood, the ALJ pointed to record evidence that demonstrated that Loader was observed to have a "cooperative" attitude, that he was able to "deal appropriately with authority," and that he had "no problems with temper control." Additionally, while Loader testified in 2018 that his symptoms of depression were so severe as to prevent him from working, the ALJ noted that his medical records "indicate[d]

no focal mental health or psychiatric notes" in the past three years and that he had previously reported to providers that "his attitude was improved and he did not feel depressed."

Similarly, the ALJ provided clear and convincing reasons to discount Loader's testimony about the extent of his pain. Loader alleged that his "constant" back pain keeps him from working and makes it difficult to sit, stand, walk, or lift more than ten pounds. In discounting that testimony, the ALJ explained that Loader's activities of daily living contradicted his allegations about the extent of his symptoms; that Loader's testimony demonstrated that he was able to manage his pain with conservative treatment and care; and that the objective medical evidence indicated his condition was milder than he alleged. *See Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

2.      Loader also argues that the ALJ erred in not providing reasons to reject the notes of his treating providers. An ALJ need not discuss every treatment note in a claimant's medical record, but he must "explain why 'significant probative evidence has been rejected.'" *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). The notes Loader has identified do not specifically document limitations beyond what the ALJ accounted for in the RFC: that Loader

3

was precluded from doing detailed or complex work and from interacting with multiple members of the public on more than an occasional basis. Because Loader has not demonstrated that the treatment notes are probative of more severe limitations, the ALJ's failure to discuss every treatment note individually was not an error.

3.      Loader argues that the RFC does not account for all of his impairments. As we have explained, substantial evidence supports the ALJ's credibility determination, and the ALJ did not err when considering the medical evidence. It follows that the RFC was supported by substantial evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008). And because the hypothetical posed to the vocational expert reflected the RFC, the ALJ did not err in relying on the vocational expert's responses to the hypothetical. *Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Finally, Loader challenges the RFC because it does not include limitations that he alleges are attributable to his Dupuytren's contracture or his use of a cane. Both of these arguments fail. First, the ALJ concluded at step two that Loader's Dupuytren's contracture was not a severe impairment, and then later explained that the RFC "does not include upper extremities restrictions" because Loader's hand problems were not documented as causing long-term dysfunction. Thus, the ALJ's conclusion that this impairment did not need to be included in the RFC was

supported by substantial evidence.

Second, although Loader now argues that the RFC is defective because it does not account for limitations related to his narrow gait and use of a cane, he did not raise that argument to the district court and has therefore forfeited it. *See Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). Even if the argument were preserved, it would not provide a basis for remand. The ALJ discussed the conflicting evidence in the record but ultimately determined that the objective medical evidence did not demonstrate "debilitating problems with [Loader's] mobility, strength, neurological functioning, or gait." Substantial evidence supports that conclusion.

**AFFIRMED.**