NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CONNIE PARDINI,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No. 23-15955

D.C. No. 1:22-cv-02751-RMI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Robert M. Illman, Magistrate Judge, Presiding

Submitted June 4, 2024[**]
San Francisco, California

Before: MILLER and BUMATAY, Circuit Judges, and BENNETT,[***] District
Judge.

Connie Pardini appeals from the district court's order affirming the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

Commissioner of Social Security's denial of her application for disability benefits under the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision de novo and will not overturn the agency's denial of disability benefits "unless it is either not supported by substantial evidence or is based upon legal error." *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

1. Pardini argues that the administrative law judge (ALJ) interfered with her right to representation when he informed Pardini that her spouse could not both represent her and testify on her behalf. A Social Security claimant has a statutory right to retain counsel, but that right may be waived. *See Roberts v. Commissioner of Soc. Sec. Admin.*, 644 F.3d 931, 932–33 (9th Cir. 2011) (per curiam); 42 U.S.C. § 406(c); 20 C.F.R. § 404.1706. The Commissioner must "notify each claimant in writing . . . of the options for obtaining attorneys" and must also advise "qualifying claimants of [the availability of] legal services organizations which provide legal services free of charge." *Roberts*, 644 F.3d at 933 (quoting 42 U.S.C. § 406(c)).

2

The record shows that Pardini received a hearing acknowledgement letter setting forth her right to representation and making other required disclosures. The ALJ confirmed that Pardini received and understood that information and explained the distinction between a representative and a witness. Pardini decided to have her spouse act as a witness at a September 2021 hearing and as a representative at a December 2021 hearing. That decision was knowing and intelligent, and the ALJ did not violate Pardini's statutory right.

2. Pardini next argues that the ALJ did not address her post-traumatic stress disorder with respect to paragraph B of Adult Listing 12.15 (trauma- and stressor-related disorders). *See* 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.15(B). At step three, the ALJ considers the severity of impairments. If the impairments meet or equal one of the listings, the claimant is per se disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iii). To show that an impairment matches a listing, a claimant's medical records must match "*all* of the specified medical criteria" in the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see* 20 C.F.R. § 404.1525(d). The claimant bears the burden of proving that all the specified criteria have been met or equaled. *See Burch v. Banhart*, 400 F.3d 676, 683 (9th Cir. 2005). Here, Pardini did not satisfy that burden.

Although Pardini argues that the ALJ did not address Listing 12.15, that is incorrect. The ALJ correctly noted that Listing 12.15 requires an extreme

limitation in one, or a marked limitation in two, of four domains of mental functioning. He then provided detailed reasoning justifying his finding that Pardini failed to meet or equal Listing 12.15, including a review of Pardini's medical record and the assessments of state agency medical consultants.

3. Pardini also argues that the ALJ failed to account for her Veterans Affairs (VA) disability rating of 70 percent. She relies on *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), for the proposition that the ALJ was required to address that rating. But "*McCartey* is no longer good law for claims filed after March 27, 2017." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023). The Commissioner's revised regulations provide that, as of that date, the agency will no longer "provide any analysis" of other agencies' disability decisions. 20 C.F.R. § 404.1504. And although the new regulations do state that the agency will "consider all of the supporting evidence underlying" other agencies' decisions, *id.*, the agency did so here. The ALJ's decision reflects careful consideration of medical records from VA sources.

4. Next, Pardini contends that the ALJ both improperly disregarded opinion evidence from two of her doctors—Dr. Byron Wittlin, her treating psychiatrist, and Dr. Paul Martin, her consultative examiner—and improperly credited expert medical testimony while discounting her symptom testimony. We disagree.

Under the revised regulations, "the former hierarchy of medical opinions—

in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). Instead, the agency looks to the supportability and consistency of opinion evidence. 20 C.F.R. § 404.1520c(c)(1)–(2). Here, the ALJ noted that Dr. Wittlin's statements that Pardini is "disabled" and "unable to work" are not medical opinions, but opinions on issues reserved for the Commissioner. He further noted that Dr. Martin's opinion that Pardini is "markedly limited in the abilities to complete a normal workday" was "not consistent with the longitudinal record as a whole . . . including the testimony of the medical expert who testified at the hearing."

Pardini also argues that the ALJ erred in relying on expert medical testimony as to paragraph C of Listing 12.15. But the ALJ did not rely on that testimony. Instead, the ALJ independently found that Pardini failed to satisfy the paragraph C criteria because she "does not suffer from . . . a minimal capacity to adapt to changes in her environment or to demands that are not already part of her daily life." *See* 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.15(C).

We are also unconvinced that the ALJ erred in discounting Pardini's symptom testimony. As the ALJ explained, Pardini's statements about the intensity, persistence, and limiting effects of her symptoms were "weakened by inconsistencies between her allegations, her statements regarding daily activities,

and the medical evidence."

5. Finally, Pardini argues that the ALJ's finding that she could perform jobs that exist in significant numbers in the national economy was not supported by substantial evidence. But the ALJ relied on the persuasive testimony of the vocational expert and the ALJ's thorough evaluation of the medical record supported his conclusions. That was a sufficient basis for the ALJ's determination.

**AFFIRMED.**